IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

VERIFIED CIVIL COMPLAINT
(WITH JURY DEMAND)

| | |
|---|---|
| The Ohio Willow Wood Company<br>15441 Scioto Darby Road<br>P. O. Box 130<br>Mt. Sterling, Ohio 43143<br><br>        Plaintiff,<br>v.<br><br>ALPS South Corporation<br>2895 42nd Avenue North<br>St. Petersburg, Florida, USA 33714<br><br>        Defendant. | C2 04 1223<br><br>JUDGE FROST<br>Case No. _____<br><br><br>MAGISTRATE JUDGE ABEL |

Plaintiff The Ohio Willow Wood Company ("Ohio Willow Wood") for its Complaint against Defendant ALPS South Corporation ("ALPS") avers as follows:

### PARTIES TO THIS CIVIL ACTION

1. Plaintiff Ohio Willow Wood is an Ohio corporation having its principal place of business in Mt. Sterling, Ohio.

2. Defendant ALPS is a Florida corporation with its principal office in St. Petersburg, Florida.

### JURISDICTION & VENUE

3. This is a cause of action for patent infringement that arises under the patent laws of the United States, Title 35 of the United States Code. Subject matter jurisdiction is proper under 28 U.S.C. § 1331, 1332 and 1338(a). The Court has personal jurisdiction over Defendant at least by virtue of Defendant's Internet business activities in this judicial district and elsewhere

in the state of Ohio, by virtue of Defendant's national advertisement in this judicial district and elsewhere in the state of Ohio, and by virtue of Defendant's committing acts of infringement in Ohio and in this district.

4. Venue in this district is proper under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) at least by virtue of Defendant's Internet business activity within this judicial district and elsewhere throughout the state of Ohio, by virtue of Defendant's national advertisement within this judicial district and elsewhere throughout the state of Ohio, and by virtue of Defendant's committing acts of infringement in Ohio and this district.

## STATEMENT OF CLAIM

5. The allegations of paragraphs 1-4 are incorporated as if fully set forth herein.

6. Ohio Willow Wood is the owner of all right, title, and interest in and to United States Letters Patent No. 6,406,499 entitled "Gel and Cushioning Devices" (hereinafter "the '499 patent"), which duly and legally issued to Ohio Willow Wood on June 18, 2002, as assignee of the inventor. A copy of the '499 patent is attached hereto as Exhibit "A".

7. Ohio Willow Wood is the owner of all right, title, and interest in and to United States Letters Patent No. 5,830,237 entitled "Gel and Cushioning Devices" (hereinafter "the '237 patent"), which duly and legally issued to Ohio Willow Wood on November 3, 1998, as assignee of the inventor. A copy of the '237 patent is attached hereto as Exhibit "B".

## COUNT I – PATENT INFRINGEMENT

8. The allegations of paragraphs 1-7 are incorporated as if fully set forth herein.

9. ALPS has been and is now infringing the '499 patent: (1) by making, using, offering to sell, and/or selling within this judicial district, and elsewhere in the United States, products which embody the invention claimed in the '499 patent; (2) by actively inducing others to infringe the '499 patent; and/or (3) by contributing to the infringement of the '499 patent.

10. ALPS has been and is now infringing the '237 patent: (1) by making, using, offering to sell, and/or selling within this judicial district, and elsewhere in the United States, products which embody the invention claimed in the '237 patent; (2) by actively inducing others to infringe the '237 patent; and/or (3) by contributing to the infringement of the '237 patent.

11. ALPS' activities with respect to the '499 and '237 patents are without authority or license from Ohio Willow Wood.

12. ALPS has been and will continue making, using, offering to sell, and/or selling products that infringe the '499 and '237 patents without a license from Ohio Willow Wood.

13. ALPS' infringement, contributory infringement, and/or active inducement of infringement of the '499 and '237 patents have been willful and deliberate, and ALPS will continue its activities to Ohio Willow Wood's injury unless enjoined by this Court. As a result of ALPS' willful and deliberate infringement, this is an "exceptional case" within the meaning of 35 U.S.C. § 285.

14. As a result of said infringement by ALPS, Ohio Willow Wood has been damaged and will continue to be damaged in an amount to be determined at trial.

15. Ohio Willow Wood has also suffered and will continue to suffer irreparable injury unless this Court enjoins ALPS' activities.

### RELIEF

**WHEREFORE**, Ohio Willow Wood demands judgment against Defendant as follows:

(a) A ruling that Defendant has been and is infringing, contributing to the infringement of, and/or actively inducing infringement of the '499 and '237 patents;

(b) That the infringement, contributory infringement, and/or active inducement of infringement by Defendant has been willful and deliberate;

(c) That this is an "exceptional case" under 35 U.S.C. § 285;

(d) That, pursuant to 35 U.S.C. § 283, Defendant, its officers, directors, agents, assigns, and employees, and all others acting in concert or participation with them or under their authority be permanently enjoined from making, using, offering to sell, and selling infringing products and from otherwise infringing, contributing to infringement, and actively inducing infringement of the '499 and '237 patents;

(e) For an accounting of damages to Ohio Willow Wood arising from Defendant's acts of infringement, contributory infringement, and active inducement of infringement, said damages including lost profits, but in no

event less than a reasonable royalty to be paid by Defendant as a result of Defendant's infringing activities;

(f) For an award to Ohio Willow Wood of three times the actual damages and lost profits or royalties so determined by the accounting, together with interest and costs as provided for under 35 U.S.C. § 284;

(g) For the costs of this action together with Ohio Willow Wood's attorneys' fees under 35 U.S.C. § 285; and

(h) Such other and further relief as the Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Ohio Willow Wood demands a trial by jury of all issues triable by a jury in this case as a matter of right.

Respectfully submitted,

The Ohio Willow Wood Company

Dated: December 27, 2004

Jeffrey S. Standley (Ohio Bar No. 0047248)
Trial Attorney For Plaintiff
F. Michael Speed, Jr. (Ohio Bar No. 0067541)
Standley Law Group, LLP
495 Metro Place South
Suite 210
Dublin, Ohio 43017-5319
Telephone: (614) 792-5555
Facsimile: (614) 792-5536
Email: jstandley@standleyllp.com
mspeed@standleyllp.com

## VERIFICATION

I swear and affirm under penalty of perjury under laws of the United States of America that the foregoing statements in the above complaint are true and correct.

The Ohio Willow Wood Company

_James M. Colvin_  12/27/04
James M. Colvin
Director of Engineering