# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**THE OHIO WILLOW WOOD COMPANY,**

  **Plaintiff,**

            **Case No. 2:04-cv-1223**
 **v.**           **JUDGE GREGORY L. FROST**
             **Magistrate Judge Mark R. Abel**

**ALPS SOUTH CORPORATION,**

  **Defendant.**

## OPINION AND ORDER

This matter is before the Court on ALPS South Corporation's ("ALPS" or "Defendant") Motion for Reconsideration of the Order Granting Ohio Willow Wood Company's ("OWW" or "Plaintiff") Second Motion for Relief from the Stay (Doc. # 99), Plaintiff's Memorandum in Opposition to Alps' Motion for Reconsideration of the Order Granting OWW's Second Motion for Relief from the Stay (Doc. # 101), and Defendant's Reply in Support of its Motion for Reconsideration of the Order Granting OWW's Second Motion for Relief from the Stay (Doc. # 103).  For the reasons that follow, the Court **GRANTS** Defendants' Motion.

### I.  Background

OWW is an Ohio corporation with its principal place of business in Mt. Sterling, Ohio.  ALPS is a Florida corporation with its principal place of business in St. Petersburg, Florida.  The parties are direct competitors in the prosthetic liner market.

This action, brought on December 27, 2004, is for alleged infringement of Plaintiff's patent entitled "Gel and Cushioning Devices" and numbered U.S. Patent No. 5,830,237 ("the 237 patent") and of Plaintiff's patent entitled "Open-Ended Polymeric Annular Sleeve" and

numbered U.S. Patent No. 6,406,499 ("the 499 patent").

On November 16, 2005, Plaintiff filed another patent infringement action against ALPS in this district involving the patent entitled "Tube Sock-Shaped Covering" and numbered U.S. Patent No. 6,964,688 ("the 688 patent"). *See The Ohio Willow Wood Co. v. ALPS South Corp.*, Case No.: 2:05-cv-01039. That action is pending before the Honorable Edmund A. Sargus, Jr. Both parties agree that the issues regarding the 688 patent are also at issue in this action. Defendant contends that the 688 patent is based on the same fundamental characteristics and concepts reflected in the 237 and 499 patents.

Defendant moved to stay the instant action and the action before Judge Sargus because Defendant had applied to the United States Patent and Trademark Office ("PTO") for reexamination of the 237, 499, and 688 patents. Based upon the requests for ex parte reexamination, this action was stayed on November 22, 2006. On December 1, 2006, the PTO granted Defendant's first requests for ex parte reexamination of the 237, 499, and 688 patents. On February 9, 2007, Judge Sargus stayed the 688 patent infringement action.

Defendant requested second reexaminations of different claims in the 499 and 688 patents on March 28, 2008 and April 4, 2007 respectively. The PTO granted these second requests for reexamintion on both patents.

On June 21, 2007, the PTO issued an office action in the first ex parte reexamination of the 688 patent, confirming 13 of the claims and rejecting 13 of the claims, *i.e.*, one half of the claims challenged were no longer valid. On October 26, 2007, the PTO merged the first and second ex parte reexaminations of the 688 patent. On January 2, 2008, Defendant requested a third ex parte reexamination of certain claims within the 688 patent, which was granted on

February 6, 2008. On March 14, 2008, OWW moved for relief from the stay in the 688 patent case. That motion is currently at issue before Judge Sargus.

On December 6, 2007, the examiner issued an office action on the first 499 reexamination rejecting all of the claims that were before it. On June 2, 2008, the examiner merged the two requests for reexamination of the 499 patent and on July 7, 2008, the examiner issued a second office action on the merged reexamination requests. OWW responded to the office action on August 7, 2008 and August 11, 2008 with different sets of proposed amendments.

On March 7, 2008, the PTO mailed a notice of intent to issue a reexamination certificate in the reexamination of the 237 patent with amendments. On March 13, 2008, OWW filed Plaintiff's Motion for Relief from the Stay (Doc. # 84), which this Court denied on June 10, 2008 (Doc. # 92).

On September 2, 2008, the PTO issued the ex parte reexamination certificate for the 237 patent, wherein Claim 1 was amended as follows:

> A tube-shaped covering for enclosing an amputation stump, said covering having an open end for introduction of said stump and a closed end opposite said open end, said covering comprising fabric in the shape of a tube sock [coated on only one side] *and having a coating of polymeric material residing on only an interior surface thereof* [with] *said polymeric material comprising* a foamed or nonfoamed gel composition comprising a block copolymer and mineral oil.

> NOTE: The text inside brackets was deleted during reexamination and the italicized text was added.

> Also, Claim 3 of the 237 patent was also amended during reexamination:

> The tube sock-shaped covering of claim 1, wherein said gel coating is [on the inside of said covering and is] arranged in a recessed achilles configuration.

> NOTE: The text inside brackets was deleted during reexamination and the

italicized text was added.

Finally, Claims 2, 4, 6 – 8, 12 – 16 and 18 – 23 were determined to be patentable and Claims 5, 9 – 11 and 17 were not reexamined.

Pursuant to this Court's order staying this action, the parties informed the Court that the reexamination certificate had been issued. Three days after the issuance of the reexamination certificate, September 5, 2008, ALPS filed a second request for ex parte reexamination of the 237 patent.

On September 12, 2008, the Court held a telephonic status conference and set forth the briefing schedule for OWW's renewed request to lift the stay in this action. Pursuant to that schedule, on September 23, 2008, OWW filed its second motion for a relief from the stay (Doc. # 94), and on October 6, 2008, ALPS filed its memorandum in opposition to that motion (Do. # 95). OWW filed its reply in support of its motion on October 13, 2008. (Doc. # 96.)

On October 21, 2008, this Court issued an Opinion and Order granting OWW's second request to lift the stay in this action. (Doc. # 97.) On October 23, 2008, ALPS filed a motion for reconsideration of that Opinion and Order. (Doc. #99.) That motion is ripe for review.

## II. Standards

### A. Reconsideration

"District courts possess the authority and discretion to reconsider and modify interlocutory judgments any time before final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 Fed. Appx. 949, 952 (6th Cir. 2004). *See also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) ("every order short of a final decree is subject to reopening at the discretion of the district judge"); *Mallory v. Eyrich*, 922 F.2d 1273, 1282

(6th Cir. 1991) ("District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment.").

Although the Federal Rules of Civil Procedure do not explicitly address motions for reconsideration of interlocutory orders, the authority for a district court to hear such motions is found in both the common law and in Rule 54(b) of the Federal Rules of Civil Procedure. *Rodriguez,* 89 Fed. Appx. at 959. A district court's authority to reconsider its previous orders has been recognized to afford such relief as justice requires. *Id.* Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or, (3) a need to correct a clear error or prevent manifest injustice. *Id.* (citing *Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998)).

## B. Stays Pending Reexamination by the PTO

35 U.S.C. § 302 provides that "[a]ny person at any time may file a request for reexamination by the [Patent and Trademark] Office of any claim of a patent on the basis of any prior art cited under the provisions of section 301 of this title." As the Federal Circuit has observed, "Congress intended the reexamination process to provide an efficient and relatively inexpensive procedure for reviewing the validity of patents which would employ the [PTO]'s expertise." *Ethicon, Inc. v. Ouigg*, 849 F.2d 1422, 1426 (Fed. Cir. 1988). The issue of whether to stay an action for alleged patent infringement pending the reexamination process lies within the sound discretion of the district court. *Id.* at 1426-27.

## III. Discussion

This Court previously granted OWW's motion to lift the stay in this action because of

concerns regarding the length of the reexamination process and the length of the stay to date. Further, in return for lifting the stay OWW offered to proceed solely on the 237 patent and to withdraw the 499 patent from this case. However, two days after this Court issued its Opinion and Order granting OWW's second request for relief from the stay in this action, the PTO issued its Order granting ALPS' request for ex parte reexamination of the 237 patent. (*See* Exhibit to Doc. # 99.) Consequently, the Court concludes that justice requires reconsideration of its Opinion and Order. *See Rodriguez,* 89 Fed. Appx. at 959.

The Order granting ALPS' request for reexamination specifically states: "A substantial new question of patentability affecting claims 1-23 of [the 237 patent] is raised by the request for ex parte reexamination." *(See* Exhibit to Doc. # 99.) Further, Defendant's record of success with the reexamination statistics and this Court's own experience indicate a notable possibility, arguably even a probability, that at least some of the claims involved in this litigation will either be changed or cancelled. In light of the PTO's acceptance of the reexamination request and given the foregoing considerations, the Court concludes that a continued stay is warranted.

## IV.  Conclusion

Based upon the foregoing, the Court **GRANTS** ALPS' Motion for Reconsideration of the Order Granting OWW's Second Motion for Relief from the Stay. (Doc. # 99.) OWW shall not be required to withdraw its claims based upon the 499 patent. The parties are **DIRECTED** to immediately inform the Court when the PTO issues its reexamination certificate on the 237 patent. Until that time, this case shall remain **STAYED** and administratively **CLOSED**.

      **IT IS SO ORDERED.**

**/s/ Gregory L. Frost**
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**
