**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| The Ohio Willow Wood Company | ) | |
| | ) | |
| Plaintiff, | ) | Case No. C2-04-1223 |
| v. | ) | |
| | ) | District Judge Frost |
| ALPS South Corporation | ) | |
| | ) | Magistrate Judge Abel |
| Defendant. | ) | |

**AMENDED COMPLAINT AND DEMAND FOR
JURY TRIAL, INJUNCTIVE RELIEF SOUGHT**

Plaintiff, The Ohio Willow Wood Company ("Ohio Willow Wood"), sues Defendant Alps South Corporation ("Alps"), and as its Amended Complaint states as follows:

**PARTIES TO THIS CIVIL ACTION**

1. Plaintiff The Ohio Willow Wood Company is an Ohio Corporation having its principal place of business in Mt. Sterling, Ohio.

2. Defendant Alps is a Florida corporation with its principal office in St. Petersburg, Florida.

3. This is a cause of action for patent infringement that arises under the patent laws of the United States, Title 35 of the United States Code. Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331, 1332, and 1338(a). The Court has personal jurisdiction over Defendant at least by virtue of Defendant's Internet business activities in this judicial district and elsewhere in the state of Ohio, by virtue of Defendant's national advertisement in this judicial district and elsewhere in the state of Ohio, and by virtue of

Defendant's committing acts of infringement in Ohio and this district. Defendant's activity in Ohio is substantial and not isolated.

4. Venue in this district is proper under 28 U.S.C. §§ 1391 and 1400 at least by virtue of Defendant's Internet business activity within this judicial district and elsewhere throughout the state of Ohio, by virtue of Defendant's national advertisement within this judicial district and elsewhere throughout the state of Ohio, and by virtue of Defendant's committing acts of infringement in Ohio and this district.

## STATEMENT OF CLAIM

5. The allegations of paragraphs 1 – 4 are incorporated as if fully set forth herein.

6. Ohio Willow Wood is the owner of all right, title, and interest in and to United States Letters Patent No. 5,830,237 entitled "Gel and Cushioning Devices" (hereinafter "the '237 Patent"), which duly and legally issued to Ohio Willow Wood on November 3, 1998, as assignee of the inventor. A true and correct copy of the '237 Patent is attached hereto as Exhibit A. OWW remains the owner of all right, title, and interest in and to the '237 Patent.

7. The '237 Patent has undergone reexamination at the United States Patent and Trademark Office ("USPTO"). The USPTO closed the reexamination and issued a Notice of Intent to Issue a Reexamination Certificate for the '237 Patent. *See* Dkt. No. 115. Claims 1 – 23 of the Patent were found to be patentable. *Id.* at Ex. 1. Upon information and belief, the claims of the '237 Patent as confirmed in the reexamination process, are substantially identical to the claims of the '237 Patent as originally issued. Reference to the "'237

Patent" within this complaint is inclusive of the claims of the '237 Patent as originally issued and as confirmed by the Reexamination Certificate.[1]

## COUNT 1 – PATENT INFRINGEMENT

8. The allegations of paragraphs 1 – 7 are incorporated as if fully set forth herein.

9. ALPS has been and is now infringing the '237 Patent: (1) by making, using, offering to sell, and/or selling within this judicial district, and elsewhere in the United States, products which embody the invention claimed in the '237 patent; (2) by actively inducing others to infringe the '237 Patent; and/or (3) by contributing to the infringement of the '237 Patent.

10. Alps' activities with respect to the '237 Patent are without authority or license from Ohio Willow Wood.

11. Alps has been and will continue making, using, offering to sell, and/or selling products that infringe the '237 Patent without a license from Ohio Willow Wood.

12. Alps' infringement, contributory infringement, and/or active inducement of infringement of the '237 Patent have been willful and deliberate, and Alps will continue its activities to Ohio Willow Wood's injury unless enjoined by this Court.  As a result of Alps' willful and deliberate infringement, this is an "exceptional case" within the meaning of 35 U.S.C. § 285.

13. As a direct and proximate result of said infringement by Alps, Ohio Willow Wood has been damaged and will continue to be damaged in an amount to be determined at trial.

14. As a direct and proximate result of Alps' infringement, Ohio Willow Wood has suffered and will continue to suffer irreparable injury and impairment of the value of its patent

---

[1] As of the filing of this Amended Complaint, the Reexamination Certificate for the '237 Patent has not yet issued.  Upon issuance of the Reexamination Certificate, OWW will file Notice with the Court and provide it with the Reexamination Certificate Number and a copy of the Reexamination Certificate.

rights, is threatened with continuing loss of sales to its existing and potential customers, is losing and will continue to lose the goodwill of its customers, and is suffering a violation of its licensed patents rights, all of which will continue unless this Court enjoins Alps' infringing activities.

## RELIEF

**WHEREFORE**, Ohio Willow Wood demands judgment against defendant as follows:

a) A ruling that Defendant has been and is infringing, contributing to the infringement of, and/or actively inducing infringement of the '237 Patent;

b) That the infringement, contributory infringement, and/or active inducement of infringement by Defendant has been willful and deliberate;

c) That this is an "exceptional case" under 35 U.S.C. § 285;

d) That, pursuant to 35 U.S.C. § 283, Defendant, its officers, directors, agents, assigns, and employees, and all others acting in concert or participation with them or under their authority be permanently enjoined from making, using, offering to sell, and selling infringing products and from otherwise infringing, contributing to the infringement of, and actively inducing the infringement of the '237 Patent;

e) For an accounting of damages to Ohio Willow Wood arising from Defendant's acts of infringement, contributory infringement, and active inducement of infringement, said damages including lost profits but in no event less than a reasonable royalty to be paid by Defendant as a result of Defendant's infringing activities;

f) For an award to Ohio Willow Wood of three times the actual damages and lost profits or royalties so determined by the accounting, together with interest and costs as provided for under 35 U.S.C. § 284;

g) For the costs of this action together with Ohio Willow Wood's attorneys' fees under 35 U.S.C. § 285; and

h) Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Ohio Willow Wood demands a trial by jury of all issues triable by a jury in this case as a matter of right.

Respectfully submitted,

Dated:  November 18, 2011

 /s/ F. Michael Speed, Jr.
Trial Attorney for Plaintiff
Jeffrey S. Standley (Ohio Bar No. 0047248)
F. Michael Speed, Jr.  (Ohio Bar No. 0067541)
Michael Stonebrook (Ohio Bar No. 0075363)
Standley Law Group LLP
6300 Riverside Drive
Dublin, Ohio 43017
Telephone:  (614) 792-5555
Facsimile:    (614) 792-5536
Email:  litigation@standleyllp.com

TRIAL ATTORNEYS FOR PLAINTIFF
THE OHIO WILLOW WOOD COMPANY

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of November, 2011, a true and accurate copy of the foregoing was caused to be filed electronically with the Court using the CM/ECF system, which will send notification of such filing, and which will serve a true and correct copy of this document to all counsel of record. Any counsel or party who does not receive an electronic notification will be served with a paper copy via ordinary U.S. Mail, but none are known to exist.

    /s/ F. Michael Speed, Jr.
F. Michael Speed, Jr.