UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**THE OHIO WILLOW WOOD COMPANY,**

    **Plaintiff,**

                      Case No. 2:04-cv-1223
                      JUDGE GREGORY L. FROST
    **v.**                      Magistrate Judge Mark R. Abel

**ALPS SOUTH, LLC,**

    **Defendant.**

## OPINION AND ORDER

Before the Court is Plaintiff Ohio Willow Wood Company's ("OWW") Motion for Reconsideration of Opinion and Order Regarding Collateral Estoppel. (ECF No. 183.) Also before the Court are the memorandum in opposition of Defendant ALPS South, LLC ("ALPS") (ECF No. 186), and OWW's Reply in Support (ECF No. 205). For the reasons set forth below, OWW's motion for reconsideration is **DENIED.**

On June 15, 2012, this Court granted Defendant ALPS South, LLC's motion for summary judgment on the issue of collateral estoppel, invalidating claims 1, 2, 4, 15, 16, and 20 of the patent in suit, U.S. Patent No. 5,830,237 ("the '237 Patent"), based on the collateral estoppel effect of *Ohio Willow Wood Co. v. Thermo-Ply, Inc.*, No. 9:07-cv-274, 2009 U.S. Dist. LEXIS 127488 (E.D. Tex. Nov. 20, 2009), *aff'd*, 440 F. App'x 926 (Fed. Cir. 2011). (Opinion and Order, ECF No. 182.) OWW asks this Court to reconsider its collateral estoppel ruling, arguing primarily that the Court erred in applying collateral estoppel without first conducting a claims construction hearing to ascertain the meaning of the terms "block copolymer" in the '237 Patent and "polymeric" in U.S. Patent No. 7,291,182 ("the '182 Patent"), the continuation of the

'237 Patent invalidated in *Thermo-Ply*. OWW argues that it was "clear error" to apply collateral estoppel without conducting a claims construction hearing on these terms because such a hearing would have "arrived at the well recognized conclusion that a 'block copolymer' is a sub-set of the broader group of materials known as 'polymers.'" (Pl.'s Mot. for Recons. 4, ECF No. 183.) This "error," argues OWW, resulted in the Court failing to apply the proper summary judgment standard. (*Id.*)

Although the Federal Rules of Civil Procedure do not explicitly address motions for reconsideration of interlocutory orders, the authority for a district court to hear such motions is found in both the common law and in Rule 54(b) of the Federal Rules of Civil Procedure. *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice. *Id*. (citing *Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998)). OWW argues here that the Court should reconsider its collateral estoppel ruling to correct a clear error and/or to prevent manifest injustice. The Court does not find that OWW has presented a valid basis for reconsideration.

The Court's Opinion and Order adequately – and correctly – addressed the "block copolymer" issue that OWW raises in its motion for reconsideration. OWW greatly emphasizes the notion that the "specific issue of a block copolymer was never litigated" in the *Thermo-Ply* case and that, therefore, collateral estoppel principles should not bar OWW from litigating the validity of the '237 Patent claims asserted in this case. But this Court squarely addressed the potential difference between the "block copolymer" term in the '237 Patent and the "polymeric"

2

term in the '182 Patent and explained why collateral estoppel may still apply based on settled patent law authority:

> Turning to the differences between claim 1 of the '237 Patent and the invalidated claims of the '182 Patent, OWW argues that the "foamed or non-foamed block copolymer" limitation was not recited in any of the claims at issue in *Thermo-Ply*. But the *Thermo-Ply* court invalidated for obviousness dependent claims 9, 19, 30, 40, 50, and 62 of the '182 patent, all of which claim "a polymeric gel with mineral oil." *Thermo-Ply* at 16. Grouping all of these claims as the "mineral oil claims," the *Thermo-Ply* court observed that mineral oil "was used in the gel of the Silipos sheaths—like the Silosheath—prior to 1995, as admitted by OWW's expert, Mr. Michael, at deposition." *Id.* OWW does not explain how the limitation on the mineral oil gel as being a "foamed or non-foamed block copolymer" distinguishes the claim 1 of the '237 Patent in a meaningful way from the mineral oil "polymeric gel" specified in the invalidated claims of the '182 Patent. OWW has therefore failed to establish how the limitation creates a *substantive difference* between claim 1 of the '237 Patent and the invalidated claims of the '182 Patent, much less how the difference "distinguish[es] the *claimed combination as a whole* from the prior art." *Bourns* [*v. United States*, 537 F.2d 486, 493 (Ct. Cl. 1976)] (emphasis added).
>
> . . . The question is not whether these limitations contained in the '237 Patent were adjudicated in the prior case, but whether the difference "lends patentable significance to the claimed combination, thereby altering the issues bearing on the obviousness determination." *Medinol Ltd. v. Guidant Corp.*, 341 F. Supp. 2d 301, 322 (S.D.N.Y. 2004). While OWW cites these differences, it makes no argument in its summary judgment opposition as to how these differences are "of a substantive nature," such that they could conceivably differentiate claim 1 of the '237 Patent claim from invalidated claim 1 of the '182 Patent. *Westwood* [*Chem., Inc. v. United States*, 525 F.2d 1367, 1375 (Ct. Cl. 1975)]. Without such a showing in response to ALPS's motion for summary judgment, OWW cannot escape the collateral estoppel bar.

(Opinion and Order 17-19, ECF No. 182.)

Though OWW argues that the Court failed to indulge inferences in its favor as the nonmoving party on summary judgment, the Court did nothing more than hold OWW to its summary judgment burden of coming forward with evidence to create a genuine issue of material fact. OWW did not come forward with evidence to establish how the "block copolymer" language in the '237 Patent created a substantive difference between the '237 Patent claims and

3

the '182 Patent claims invalidated in *Thermo-Ply*, much less how those differences distinguished "the *claimed combination as a whole* from the prior art." (*Id.* at 18.) That OWW now says it may have been able to do that if the Court had convened a claim construction hearing is a tardy attempt to blame the Court for its own failure to adequately oppose ALPS's motion for summary judgment on collateral estoppel.

If the "block copolymer" vs. "polymeric" distinction was so important to the determination of whether *Thermo-Ply* had collateral estoppel effect on the claims at issue in this case, the Court would have expected OWW to explain those differences specifically in the summary judgment briefing, supported by evidentiary materials described in Fed. R. Civ. P. 56. But OWW did not do so, leaving this Court with no basis upon which to conclude that the distinction carried any patentable significance. Accordingly, the Court can find no basis for reconsideration: rather than pointing out an error in the Court's ruling, OWW is untimely raising an argument it failed to assert when it had the chance.

OWW's second argument for reconsideration fares somewhat better in terms of having some record support. In footnote 9 of the Opinion and Order, the Court referred to a decision of the Board of Patent Appeals and Interferences, which last year reversed a PTO Examiner's decision to reject Claims 1 to 23 of the '237 Patent. *Ex Parte Ohio Willow Wood Co.*, No. 2011-010158 (B.P.A.I. Sept. 30, 2011) (slip opinion). This Court observed that there was a "question" of whether the BPAI may have ruled differently in OWW's appeal had it been aware of the court's summary judgment decision in *Thermo-Ply*. (Opinion and Order 26 n.9, ECF No. 182.) As both OWW and ALPS note, however, the BPAI *was* made aware of the *Thermo-Ply* summary judgment during the briefing and argument on OWW's appeal. (Pl.'s Mot. 5-6, ECF No. 183;


Def.'s Memo. In Opp. 6-7, ECF No. 186.)  OWW contends that this Court's misunderstanding of the record creates a "manifest injustice" if this Court does not reconsider its decision.

Though the Court may have been mistaken about the BPAI's awareness of the *Thermo-Ply* decision, this does not provide a basis for reconsideration.  The Court's observation at the end of footnote 9 was not a material basis for its decision.  Footnote 9 came at the end of the section of the Opinion and Order that explained why the BPAI decision and the reexaminations by the United States Patent and Trademark Office ("PTO") had no bearing upon the application of collateral estoppel.  (Opinion and Order 26, ECF No. 182.)  The Court held that the "presumption of validity" accorded to patents issued by the PTO did not trump application of collateral estoppel.  (*Id.*)  The Court further noted at the beginning of Footnote 9 that, for purposes of applying collateral estoppel, it did not matter that the *Thermo-Ply* court did not have the "benefit" of the BPAI decision upholding validity.  (*Id.* at n.9.)  Though the Court went on to state erroneously that the BPAI was not aware of the *Thermo-Ply* decision, the fact that the BPAI knew about *Thermo-Ply* is equally insignificant to the application of collateral estoppel.

OWW has failed to show that reconsideration of the Court's collateral estoppel ruling is necessary to correct a "clear error" or to prevent a "manifest injustice."  Accordingly, OWW's Motion for Reconsideration (ECF No. 183) is **DENIED.**

**IT IS SO ORDERED.**

        /s/ Gregory L. Frost
        **GREGORY L. FROST**
        **UNITED STATES DISTRICT JUDGE**