UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

THE OHIO WILLOW WOOD COMPANY,

      Plaintiff,

                                 Case No. 2:04-cv-1223
                                 JUDGE GREGORY L. FROST
   v.                           Magistrate Judge Mark R. Abel

ALPS SOUTH, LLC,

      Defendant.

**OPINION AND ORDER**

This matter is before the Court for consideration of three pre-trial motions and corresponding briefs: (1) Defendant ALPS South, LLC's ("Alps") motion *in limine* for determine that certain evidence is "but-for" material as a matter of law (ECF No. 248), (2) Alps' motion *in limine* to preclude OWW from relying on certain arguments relating to the testimony of Jean Paul Comtesse (ECF No. 249) and Plaintiff Ohio Willow Wood's ("OWW") memorandum in opposition (ECF No. 257), and (3) Alps' motion for judicial notice (ECF No. 250) and OWW's memorandum in opposition (ECF No. 256). For the reasons that follow, the Court **GRANTS** the motion for judicial notice and **DENIES** the motions *in limine*.

    **I.  DISCUSSION**

        **A.  Judicial Notice**

"The court may judicially notice a fact that is not subject to reasonable dispute because it:

      (1) is generally known within the trial court's territorial jurisdiction; or

      (2) can be accurately and readily determined from sources whose accuracy cannot
          reasonably be questioned."

Fed. R. Ev. 201(b).  In its motion, Alps asks the Court to take judicial notice of the fact that it filed a motion for summary judgment in this case, which contained several exhibits, on September 22, 2006.  (ECF Nos. 59, 50 & 61.)  OWW opposes the motion on the grounds that it is unnecessary but, if the Court should be inclined to grant the same, asks the Court to take judicial notice of the fact that Alps filed its motion for summary judgment under seal.

Although the Court shares OWW's confusion as to the necessity of Alps' motion, it will take judicial notice of anything filed in this case, whether filed under seal or not.  The Court therefore **GRANTS** Alps' motion and takes judicial notice of the fact that Alps filed a motion for summary judgment in this case, under seal, on September 22, 2006, and that Alps attached to its motion several exhibits appearing at ECF Nos. 60-1–60-31 and 61-1–61-14.

### B.  Motions *in Limine*

#### 1.  Standard Involved

The inquiry involved in and nature of a motion *in limine* decision are well settled:

> Motions *in limine* are generally used to ensure evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible for any purpose.  *See Jonasson v. Lutheran Child and Family Serv.,* 115 F.3d 436, 440 (7th Cir.1997).  The court has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds.  *Cf. Luce v. United States,* 469 U.S. 38, 41 n.4, 105 S. Ct. 460, 463 n.4, 83 L. Ed. 2d 443 (1984) (federal district courts have authority to make *in limine* rulings pursuant to their authority to manage trials).  Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context.  (citations omitted).  Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial.  Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded.  The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion *in limine*.  *See United States v. Connelly,* 874 F.2d 412, 416 (7th Cir.1989) (citing *Luce,* 469 U.S. at 41, 105 S. Ct. at 463) ("Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.").  *Hawthorne*

*Partners v. AT & T Technologies, Inc.,* 831 F. Supp. 1398, 1400-01 (N.D. Ill.1993).

*Weimer v. Honda of Am. Mfg., Inc*., No. 2:06-cv-844, 2008 WL 4332525, at *1 (S.D. Ohio Sept. 17, 2008) (quoting *Ind. Ins. Co. v. Gen. Elec. Co*., 326 F. Supp. 2d 844, 846–47 (N.D. Ohio 2004)).

"Courts are generally reluctant to grant broad exclusions of evidence *in limine* because 'a court is almost always better situated during the actual trial to assess the value and utility of evidence.' " *Id*. (quoting *Koch v. Koch Indus., Inc.,* 2 F. Supp. 2d 1385, 1388 (D. Kan 1998)). "This presumption is particularly strong in a bench trial." *Bank One, N.A. v. Echo Acceptance Corp*., No. 04-CV-318, 2008 WL 1766891, at *1 (S.D. Ohio Apr. 11, 2008). "Without the fear that prejudicial or improper evidence will taint the jury, courts are even more inclined to take a wait-and-see approach." *Id*. Moreover, "motions *in limine* yield only interlocutory decisions, which are not binding on the Court at the bench trial where any and all issues that were raised or could have been raised in a motion *in limine* are subject to renewed consideration." *Cooey v. Strickland*, Case Nos. 2:04–cv–1156, 2:09–cv–242, 2:09–cv–823, 2:10–cv–27, 2011 WL 320166, at *2 (S.D. Ohio Jan 28, 2011).

Cognizant of this standard, the Court shall address each of Alps' two categories of evidence or argument to be excluded.

> 2. *Motion to determine that certain evidence is "but-for" material as a matter of law (ECF No. 248)*

Alps asks the Court to order that certain evidence is "material" as a matter of law for purposes of this inequitable conduct analysis. Materiality, however, is a question of fact on which Alps bears the burden of proof at trial. *Scanner Technologies Corp. v.*

3

*ICOS Vision Sys Corp. N.V.*, 528 F.3d 1365, 1374 (Fed. Cir. 2008) (citing *Young v. Lumenis, Inc.*, 492 F.3d 1336, 1344 (Fed. Cir. 2007)).  The Court will make a determination with respect to materiality after it hears all relevant evidence in this case.  Accordingly, the Court **DENIES** Alps' motion *in limine* for a determination that certain evidence is but-for material as a matter of law.

> 3. *Motion to preclude OWW from relying on certain arguments relating to the testimony of Jean Paul Comtesse*

Alps asks the Court to exclude certain arguments regarding the testimony of Jean Paul Comtesse, which Alps contends already were rejected by the Federal Circuit.  Alps asserts that OWW stands by those rejected arguments in its brief.  But the arguments Alps seeks to exclude relate to OWW's argument that, because Mr. Gayan's purported misrepresentations were attorney argument, they are not but-for material in this context.  *See* ECF No. 245-1, at 13–21.  As stated above, materiality is a question of fact, *Scanner Technologies Corp.*, 528 F.3d at 1374, which this Court will address after hearing all relevant evidence in this case.[1]  The Court therefore **DENIES** Alps' motion *in limine* to preclude OWW from relying on certain arguments relating to the testimony of Jean Paul Comtesse.

## II. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Alps' motion for judicial notice (ECF No. 250) and **DENIES** Alps' motions *in limine* (ECF Nos. 248 & 249).  As with all

---

[1] Alps' assertion that these arguments should be excluded under the law of the case doctrine and the mandate rule are not persuasive given that the Federal Circuit did not make any factual determinations in its November 15, 2013 Opinion and Order.  (ECF No. 226.)  At most, the Federal Circuit ruled that, viewing the evidence in the light most favorable to Alps, questions of fact exist that preclude summary judgment (i.e., a ruling that the purported misrepresentations were not material as a matter of law) in OWW's favor .  Although the Court certainly is influenced by the Federal Circuit's comments regarding OWW's arguments about Mr. Comtesse's testimony, it cannot find that those comments preclude OWW from arguing that Alps' evidence fails to satisfy the materiality prong of this inequitable conduct analysis.

*in limine* decisions, these rulings are subject to modification should the facts or circumstances at trial differ from that which has been presented in the pre-trial motion and memoranda.

    **IT IS SO ORDERED.**

                                       **/s/ Gregory L. Frost**
                                       **GREGORY L. FROST**
                                       **UNITED STATES DISTRICT JUDGE**