UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**THE OHIO WILLOW WOOD COMPANY,**

    Plaintiff,

v.

**ALPS SOUTH, LLC,**

    Defendant,

Case No. 2:04-cv-1223
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court on the Motion for an Attorney Charging Lien [ECF No. 299] filed by Shumaker, Loop & Kendrick, LLP ("Shumaker"), prior counsel for Defendant Alps South, LLC ("Alps"). For the following reasons, Shumaker's motion is **GRANTED**.

### I.

Plaintiff, the Ohio Willow Wood Company ("OWW"), brought this case in 2004. (Compl. at 1 [ECF No. 1].) OWW accused Alps of infringing one of its patents, U.S. Patent No. 5,830,237 (the '237 patent). (Am. Compl. at 3–4 [ECF No. 120].) Alps, in turn, brought a counterclaim alleging, among other things, that OWW had procured the '237 patent by inequitable conduct. (Answer to Am. Compl. at 30 [ECF No. 127].) Ruling on the parties' cross-motions for summary judgment, the Court held in August 2012 that the asserted claims of the '237 patent were invalid and that OWW had not engaged in inequitable conduct. (*See* Aug. 10, 2012 Op. & Order at 24, 29 [ECF No. 209].) Both parties appealed to the Federal Circuit, which, in November 2013, affirmed the Court's decision that the asserted claims of the '237 patent were invalid but reversed the Court on its decision that OWW had not engaged in inequitable conduct. (Nov. 15, 2013 Fed. Cir. Decision at 30 [ECF No. 226].) The case was remanded, and following

a bench trial on the inequitable conduct issue, the Court ruled in Alps's favor in September 2014, concluding that OWW engaged in inequitable conduct during the second reexamination proceedings and that, because this was an "exceptional" case under 35 U.S.C. § 285, Alps was entitled to its attorneys' fees incurred since September 30, 2011. (*See* Sept. 24, 2014 Op. & Order at 1, 80 [ECF No. 278]; J. in a Civil Action at 1 [ECF No. 279].) OWW appealed again, and in February 2016, the Federal Circuit affirmed the Court's decision. (Feb. 19, 2016 Fed. Cir. Decision at 19 [ECF No. 290].) Following the second remand, the only issue remaining was the determination of the amount of attorneys' fees owed to Alps. (*See* Joint Status Report at 1 [ECF No. 297].) Before the Court could resolve that issue, however, Alps and OWW settled the case and filed a stipulated dismissal. (*See* Reply at 1 [ECF No. 302]; Joint Mot. for Extension at 1 [ECF No. 303]; Stipulated Dismissal at 1 [ECF No. 305].)

Shumaker now moves for the attachment of an attorney charging lien to any funds that are to be paid to Alps as a result of the settlement. (*See* Mot. at 1–2 [ECF No. 299].) Shumaker represented Alps from 2008 until December 16, 2015, when Alps discharged the firm shortly after oral argument in the second appeal to the Federal Circuit. (*See id.*) Through the charging lien, Shumaker seeks to recover from Alps unpaid fees for legal services and unreimbursed expenses. (*See id.*) Shumaker represents that the reasonable value of the legal services it provided to Alps is $1,236,803.58, of which $614,893.08 remains unpaid. (*Id.* at 2.) Shumaker further represents that it advanced $64,744.42 in expenses for this case, of which $25,053.10 is still unreimbursed. (*Id.*)

Alps opposes Shumaker's Motion. It contends that the $700,539.84 already paid is adequate compensation for Shumaker's legal services. (*See* Mem. in Opp'n at 1–2 [ECF No. 300].)

2

II.

A.  **Legal Standard**

Under Ohio common law, attorneys have a right to assert a lien against a judgment they obtain on behalf of their client. *Filius v. Outdoor Sports Headquarters, Inc.*, No. C-3-90-358, 1995 WL 1612532, at *2 (S.D. Ohio May 18, 1995). The Ohio Supreme Court outlined the concept of an attorney charging lien in *Cohen v. Goldberger*, 141 N.E. 656 (1923). As the court explained:

> The right of an attorney to payment of fees earned in the prosecution of litigation to judgment, though usually denominated a lien, rests on the equity of such attorney to be paid out of the judgment by him obtained, and is upheld on the theory that his services and skill created the fund.

*Id.* at paragraph one of the syllabus. Although *Cohen* describes a lien attached to a judgment, courts have not interpreted this language as prohibiting the attachment of a lien to settlement proceeds. *See, e.g., Filius*, 1995 WL 1612532, at *2–3; *Devis v. Pineview Ct. Condo. Ass'n*, 8th Dist. Cuyahoga No. 102147, 2015-Ohio-2704, ¶¶ 5, 11. Nor have courts interpreted *Cohen*'s language as prohibiting the attachment of a lien when an attorney is discharged before the lawsuit is settled (or final judgment is entered in the case). *See, e.g., Filius*, 1995 WL 1612532, at *2; *Cuyahoga Cnty. Bd. of Comm'rs v. Maloof Props., Ltd.*, 197 Ohio App. 3d 712, 2012-Ohio-470, 968 N.E.2d 602, ¶ 17 (8th Dist.). Additional factors that Ohio courts have considered when deciding whether to impose a charging lien include

> (1) the right of the client to be heard on the merits; (2) the right of an attorney to invoke the equitable jurisdiction of the courts to protect his fee for services rendered; (3) the elimination of unnecessary and duplicative litigation; (4) the opportunity for the client to obtain counsel to litigate the claim for attorney fees; (5) the propriety of an order as opposed to a judgment; (6) a forum for the presentation of witnesses, if necessary; and (7) the equitable nature of the proceeding.

*Fire Prot. Res., Inc. v. Johnson Fire Prot. Co.*, 594 N.E.2d 146, 149–50 (6th Dist. 1991).

Ultimately though, the decision to impose an attorney charging lien is based on the facts and circumstances of the particular case and is left to the sound discretion of the court. *Kerger & Hartman, LLC v. Ajami*, 2015-Ohio-5157, 54 N.E.3d 682, ¶ 23 (6th Dist.).

**B.     Analysis**

Shumaker requests that an attorney charging lien be placed on any settlement funds obtained by Alps. As noted above, Shumaker litigated the case to judgment. And given Shumaker's extensive involvement in the case, the Court concludes that the judgment [ECF No. 279] was procured through Shumaker's services and skill. Shumaker represented Alps from 2008 until December 16, 2015. (*See* Mot. at 1–2 [ECF No. 299].) During that time, Shumaker drafted a motion for summary judgment, litigated an appeal to the Federal Circuit, tried the inequitable conduct portion of the case before this Court, obtained a judgment for Alps, and defended that judgment in the second appeal to the Federal Circuit. (*See id.* at 2–3.)

Because the requirements outlined in *Cohen* are met, the Court considers the additional factors analyzed by Ohio courts. *See Fire Prot. Res.*, 72 Ohio App. 3d at 210–11. Alps obtained new counsel and has presented arguments on the merits of Shumaker's Motion for an Attorney Charging Lien. (*See* Mem. in Opp'n at 1–3 [ECF No. 300].) Shumaker has not engaged in inequitable conduct that would cause the Court to question whether Shumaker should be permitted to invoke the Court's equitable jurisdiction. Imposing an attorney charging lien on the settlement funds might (depending on the settlement amount) eliminate the need for Shumaker to file a separate suit against Alps for the recovery of attorneys' fees and expenses. Neither party has objected to the propriety of an order as opposed to a judgment regarding the unpaid attorneys' fees and expenses. Nor has either party objected to this Court being an appropriate forum for the presentation of witnesses, if necessary.

4

Alps argues that the equities in this case do not favor the imposition of an attorney charging lien and that its partial payment of the attorneys' fees and expenses represents adequate compensation because Shumaker (i) breached a duty of care during the representation, (ii) failed to adequately inform Alps why certain fees are owed, and (iii) neglected to adequately assert the unenforceability of two patents, U.S. Patent Nos. 6,964,688 and 7,291,182 (the '688 and '182 patents), which purportedly resulted in Alps losing its right to collect attorneys' fees regarding those patents. (*See* Mem. in Opp'n at 2.)

Neither of the first two arguments shifts the balance of equities in Alps's favor. Alps provides no explanation of how Shumaker allegedly breached a duty of care or why this breach justifies withholding $614,893.08 in fees and $25,053.10 in expenses. (*See* Mem. in Opp'n at 2–3.) Nor has Alps explained why Shumaker's purported communications deficiencies justifies these withholdings. (*See id.*)

Alps's third argument also falls flat. The Court explained in its Opinion and Order following the bench trial that Alps's amended counterclaim "did not mention the '688 [patent] in its request for relief and did not mention the '182 . . . patent[] . . . at all." (Sept. 24, 2014 Op. & Order at 79 [ECF No. 278].) And as the Court further explained, Alps's arguments for finding the '688 and '182 patents unenforceable were unsupported by evidence or witness testimony. (*See id.*) Because of this failure to address the '688 and '182 patents in the amended counterclaim or at trial, the Court declined to rule on the enforceability of those patents. (*See id.* at 79–80.) The Federal Circuit later affirmed this holding. (*See* Feb. 19, 2016 Fed. Cir. Decision at 18–19 [ECF No. 290].) Alps complains that it lost its right to obtain attorneys' fees from OWW relating to the '688 and '182 patents due to Shumaker's failure "to adequately assert the unenforceability of [the] related [patents] by presenting proper evidence at the district court."

(Mem. in Opp'n at 2.) But as Shumaker notes, Alps was involved in separate litigation, in this Court and in the Middle District of Florida, regarding the enforceability of the '688 and '182 patents. (*See* Reply at 4 [ECF No. 302].) If Alps wanted to pursue attorneys' fees relating to those patents, it could have pursued attorneys' fees in the other cases in which the patents were actually at issue. *See* Answer and Counterclaim at 15–16, 40–41, *The Ohio Willow Wood Co. v. Alps South, LLC*, No. 2:05-cv-1039 (S.D. Ohio Jan. 11, 2012), ECF No. 244 (concerning the '688 patent); Complaint and Demand for Jury Trial at 1–4, *Alps South LLC v. Ohio Willow Wood Co.*, No. 8:07-cv-2076 (M.D. Fla. Nov. 13, 2007), ECF No. 1 (concerning the '182 patent).

Whether the Court would have awarded attorneys' fees if the '688 and '182 patents had been part of this case is also far from certain. *See* 35 U.S.C. § 285 (stating that a court may award reasonable attorneys' fees to the prevailing party only in "exceptional cases"); *Therasense, Inc. v. Becton, Dickinson & Co.*, 745 F.3d 513, 518 (Fed. Cir. 2014) ("[A] district court may exercise broad discretion in awarding fees and setting the amounts of fees."). And Alps, in any event, can only collect attorneys' fees for work that was actually performed. *See Cartner v. Alamo Grp., Inc.*, No. 1:07-cv-1589, 2012 WL 7681282, at *7 (N.D. Ohio Feb. 6, 2012) (identifying issues associated with attorneys' fee awards, including "factual questions about whether the work was actually performed" and "legal questions about whether the work performed was sufficiently related to the issues on which the plaintiff prevailed"). Here, Alps fails to identify how, or when, Shumaker performed work litigating the unenforceability of the '688 and '182 patents given that those patents were not addressed in the amended counterclaim or at trial. (*See* Sept. 24, 2014 Op. & Order at 79; Feb. 19, 2016 Fed. Cir. Decision at 18 ("As the district court noted, [the '688 and '182] patents have never been at issue in this litigation . . . .").)

## III.

Because the requirements outlined in *Cohen* are met and the equities in this case favor the imposition of a lien, the Court **GRANTS** Shumaker's Motion for an Attorney Charging Lien [ECF No. 299] and **ORDERS** the imposition of a $639,946.18 attorney charging lien on any settlement funds paid to Alps in this matter. The lien covers the amount Alps owes Shumaker in unpaid legal fees ($614,893.08) and unreimbursed expenses ($25,053.10).

The lien amount shall be promptly deposited with the Clerk of Courts from the settlement funds. If OWW has not already disbursed the settlement funds, OWW shall deposit the lien amount with the Clerk and may then disburse the remainder of the funds to Alps. If Alps has already received the settlement funds, Alps shall deposit the lien amount with the Clerk. The lien amount deposited with the Clerk shall be disbursed to Shumaker thirty (30) days after the date of this Opinion and Order unless, within that time period, Alps files a motion disputing the merits of Shumaker's request for fees and expenses.

**IT IS SO ORDERED.**

9-19-2017
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**