# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**THE OHIO WILLOW WOOD COMPANY,**

    **Plaintiff,**

    v.

**ALPS SOUTH, LLC,**

    **Defendant,**

Case No. 2:04-cv-1223
**CHIEF JUDGE EDMUND A. SARGUS, JR.**
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

On September 19, 2017, the Court issued an Opinion and Order granting the Motion for an Attorney Charging Lien [ECF No. 299] filed by Shumaker, Loop & Kendrick, LLP ("Shumaker"), prior counsel for Defendant Alps South, LLC ("Alps"). (Op. & Order at 7 [ECF No. 306].) The Court imposed a $639,946.18 attorney charging lien on any settlement funds paid to Alps in this matter. (*Id.*) The Court directed that the lien amount be deposited with the Clerk of Courts and instructed Alps that it could file, within thirty days from the date of the Opinion and Order, a motion disputing the merits of Shumaker's request for fees and expenses. (*Id.*) Alps subsequently filed its timely Motion for Reconsideration and/or Clarification [ECF No. 307] challenging the merits of Shumaker's request.

Alps raises two issues. First, it contends that Shumaker's failure to file invoices and other billing information with its Motion for Attorney Charging Lien prevents the Court from awarding attorney fees. (*See* Mot. for Recons. at 2–3 [ECF No. 307].) The Court needs this information, Alps argues, to determine the reasonableness of Shumaker's hourly rates and hours billed. (*See id.*)

And second, Alps argues that the funds deposited with the Clerk under the attorney

charging lien should stay with the Clerk until Alps's malpractice claims against Shumaker are resolved. (*See* Mot. for Recons. at 4–5.) According to Alps, the money currently deposited with the Clerk may be needed to help pay the $70 million sought by Alps in its malpractice claims. (*See id.*)

Alps brought three malpractice cases against Shumaker in Florida state court and asserted a counterclaim for malpractice in a case brought by Shumaker in an Ohio state court. (Mot. for Recons. at 4.) Alps, however, has since dismissed one of the Florida cases with prejudice. (Resp. to Mot. for Recons. at 2 n.2 [ECF No. 310].) And a Florida court stayed a second case after the court determined that it lacked subject matter jurisdiction to hear the case. (*Id.*)

To resolve these issues about the reasonableness of Shumaker's fee request and the propriety of distributing fees to Shumaker while Alps's malpractice claims are still pending, Alps requests that the Court hold an evidentiary hearing. (*See* Mot. for Recons. at 1, 5.)

The Court agrees that it can best resolve these issues through an evidentiary hearing. The Court also agrees that it will need to review Shumaker's invoices and other relevant billing information to determine the reasonableness of Shumaker's fee request. Accordingly, Alps's Motion for Reconsideration and/or Clarification [ECF No. 307] is **GRANTED IN PART**, and Shumaker shall, within **twenty (20) days** of the date of this Opinion and Order, file with the Court the invoice and billing information supporting its $639,946.18 request. The Court will hold an evidentiary hearing approximately two weeks after Shumaker files these documents.

**IT IS SO ORDERED.**

2-14-2018
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**